UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan
☒ 3rd _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Juan Perez Mier          JOINT DEBTOR: _____          CASE NO.: 20-13622-RAM
SS#: xxx-xx- 8406                SS#: xxx-xx- _____

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section VIII | ☐ Included | ☒ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

 1. $374.55 for months 1 to 60;

B. **DEBTOR(S)' ATTORNEY'S FEE:**     ☐ NONE     ☐ PRO BONO

| | | | | | |
|---|---|---|---|---|---|
| Total Fees: | $7000.00 | Total Paid: | $690.00 | Balance Due: | $6310.00 |
| Payable | $147.23 | /month (Months 1 to 42 ) | | | |
| Payable | $126.34 | /month (Months 43 to 43 ) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$7,000 Attorneys Fees and costs.

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

A. **SECURED CLAIMS:** ☒ NONE
[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

B. **VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** ☒ NONE

2. **VEHICLES(S):** ☐ NONE

Debtor(s): Juan Perez Mier    Case number: 20-13622-RAM

| 1. Creditor: Nissan Motor Acceptance | Value of Collateral: $10,000.13 | **Payment** |
|---|---|---|
| Address: POB 660366, Dallas, TX 75266-0366 | Amount of Creditor's Lien: $17,992.00 | Total paid in plan: $11,391.74 |
| Last 4 Digits of Account No.: 3758 | Interest Rate: 5.25% | $189.86 /month (Months 1 to 60) |
| VIN: KNMAT2MTXGP639449 | | |
| Description of Collateral: 2016 Nissan Rogue POC#3 | | |

Check one below:
- [■] Claim incurred 910 days or more pre-petition
- [ ] Claim incurred less than 910 days pre-petition

   3. **PERSONAL PROPERTY:** [■] NONE

  C. **LIEN AVOIDANCE** [■] NONE

  D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
    [■] NONE

  E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
    [■] NONE

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

  A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** [■] NONE

  B. **INTERNAL REVENUE SERVICE:** [■] NONE

  C. **DOMESTIC SUPPORT OBLIGATION(S):** [ ] NONE    [■] CURRENT AND PAID OUTSIDE

1. Name of Creditor: Madayanly Garcias
Payment Address: 97 E 47 Street, Hialeah, FL 33013
Total Due: $0.00
Payable $0.00 /month (Months ___ to ___)
Regular Payment (if applicable) $0.00 /month (Months ___ to ___)

  D. **OTHER:** [■] NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

  A. Pay $20.89 /month (Months 43 to 43)
     Pay $147.23 /month (Months 44 to 60)

  Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

  B. [ ] If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

  C. **SEPARATELY CLASSIFIED:** [■] NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

VI. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.
    [ ] NONE

Debtor(s): Juan Perez Mier    Case number: 20-13622-RAM

■ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|
| 1. Nissan Motor Acceptance Corp | 2019 Nissan Sentra | 0745 | ■ Assume ☐ Reject |

**VII. INCOME TAX RETURNS AND REFUNDS:** ☐ NONE

■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

**VIII. NON-STANDARD PLAN PROVISIONS** ■ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

X _/s/ Juan Perez Mier_ Debtor    8-25-20    _____ Joint Debtor _____
Juan Perez Mier             Date                                Date

_____  _____
Attorney with permission to sign on    Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**